# Houston, Stanwood & Gamble Company v. Bain.

(Decided February 13, 1914.)

## Appeal from Kenton Circuit Court
## (Common Criminal Law & Equity Division).

Master and Servant—Appliances—Personal Injuries—Question for . Jury.—A servant who continues at work on a hurry job, upon the order of the master who promises to give him a better tool, may recover for an injury received by reason of the defective tool if the danger was not so imminent that a person of ordinary prudence would not have continued at work; and this is a question for the jury ordinarily upon all the facts.

S. D. ROUSE, WAITE & SCHINDEL for appellant.

B. F. GRAZIANI for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Joseph F. Bain brought this suit against the Houston, Stanwood & Gamble Company to recover for a personal injury which he alleged he received while in its employ as a boiler maker, by reason of its negligence in furnishing him an unsafe tool to work with. He was engaged in beading the tubes in a boiler and in doing this used a beading tool operated by compressed air. According to the testimony for him, the tool was given him by his foreman, Evans; it was two and a half inches long and had a flaw or crack in it. He told Evans that it was unsafe; Evans told him to go ahead anyhow, and he would get him a better tool; that he was in a hurry for the work; that the boiler had to go out. While working with the tool a short time after this during the same morning by reason of the defectiveness of the tool, his index finger on the right hand was caught between the air gun and the boiler, and so injured that the finger is now crooked and he is without power to straighten it. He also testified that the tool to be safe should have been at least four inches long and free from flaw or crack. The evidence for the defendant was to the effect that Bain was not hurt in the manner testified to by him; that he had no talk with Evans about the tool and that the tool was not defective in any way. The case was submitted to a jury who found a verdict in favor of Bain in the sum of $400.00. The court granted a new trial. On the sec-

ond trial of the case, the jury found a verdict in favor of Bain for $342.00, $300.00 being for his injury and $42 for his expenses in the way of medical bills, etc. The court entered judgment upon the verdict and the defendant appeals.

No complaint is made of any action of the court in admitting or rejecting evidence or instructing the jury, except that it is insisted that on the evidence the court should have instructed the jury peremptorily to find for the defendant. But if the plaintiffs' testimony was true he was ordered by the foreman to go ahead with the work with the defective tool after he complained of its defectiveness, and was assured by the foreman that he would get him a better tool, the foreman telling him that the boiler had to go out, and that he could not wait. We cannot say as a matter of law that the danger was so manifest that a man of ordinary prudence would have disobeyed the foreman. The order of the foreman was peremptory and according to the plaintiff's evidence was accompanied with a threat that he must go on with the work or quit. What course a man of ordinary prudence would pursue under the circumstances would depend on the imminence of the danger, the reasonableness or unreasonableness of grounds for belief on his part that he might with care do the work without injury; and this is a question to be determined ordinarily by the jury from all the facts shown by the evidence. The unequal situation of the parties must also be borne in mind and the fact that in every business hurry orders are sometimes to be filled or other emergencies to be met. If servants stopped work in the presence of every danger, and refused to work temporarily at the order of the master, until the danger was removed, business could not be successfully carried on. The question whether the servant properly obeyed the order of the master is not to be determined from one isolated fact or circumstance, but from all the facts and circumstances, and such a question a jury of practical men are peculiarly qualified to determine.

It is also insisted that the verdict is palpably against the evidence; but two juries have heard the case and reached practically the same conclusion, and in view of the fact that there were circumstances sustaining the plaintiff's version of the transaction as against the version of it shown by the witnesses for the defendant, we

cannot say that the verdict of the jury is so palpably against the evidence as to warrant us in disturbing it. The amount of the verdict is not excessive for the injury shown by the testimony of the plaintiff and the two physicians who testified for him.

Judgment affirmed.